

**SO ORDERED.**

**SIGNED this 14 day of November, 2013.**

_____
A. Thomas Small
United States Bankruptcy Court Judge

_____


```
              UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                     NEW BERN DIVISION

IN RE:

RAM OF EASTERN NORTH                CASE NO. 13-01125-8-ATS
CAROLINA, LLC,                           CHAPTER 11

      DEBTOR.
_____
FIRST SOUTH BANK,

      PLAINTIFF,

v.

ALETA L. BRYDGE, ROBERT M.
BRYDGE and ROBIN L. STRICKLAND,

      DEFENDANTS & THIRD-PARTY         ADVERSARY PROCEEDING
      PLAINTIFFS,                      NO. 13-00138-8-ATS

vs.

RAM OF EASTERN NORTH
CAROLINA, LLC,

      THIRD-PARTY DEFENDANT.
```

1

**ORDER REGARDING PLAINTIFF'S MOTION TO ABSTAIN AND TO REMAND**

The matter before the court is the motion of First South Bank for the court to abstain from hearing this adversary proceeding and to remand the proceeding to state court. A hearing was held on November 6, 2013, in Raleigh, North Carolina.

### BACKGROUND

RAM of Eastern North Carolina, LLC, filed a petition for relief under chapter 11 of the Bankruptcy Code on February 21, 2013, and is a chapter 11 debtor in possession. First South Bank is a secured creditor with a claim against the debtor that is secured by real property owned by the debtor. The bank's claim is also guaranteed by Aleta L. Brydge, Robert M. Brydge, and Robin L. Strickland who are principals of RAM. After RAM filed its bankruptcy petition, First South filed a complaint against the guarantors in the North Carolina Superior Court for Beaufort County. The guarantors filed a third-party complaint against RAM for indemnification and exoneration, and RAM, as a chapter 11 debtor in possession, removed the state court lawsuit to this bankruptcy court. First South now wants the bankruptcy court to abstain from hearing the proceeding against the guarantors and to remand the proceeding back to state court.

2

The bank argues that it should be permitted to proceed against its guarantors and co-obligors unimpeded by RAM's bankruptcy.  According to First South, its motion for summary judgment against the guarantors will be heard as soon as the proceeding is remanded to state court.  The debtor and the guarantors, however, maintain that satisfaction of the obligation owed by RAM and the guarantors to the bank will most likely be quickly resolved in the bankruptcy court through the confirmation process.  RAM has proposed a plan of reorganization that would transfer property that secures the bank's claim to First South and would thereby satisfy the indebtedness that is the subject of the state court litigation.  The debtor's plan of reorganization will be considered by the court at a confirmation hearing and the debtor contends that the dispute with First South will be resolved more quickly in bankruptcy court than in the state court litigation.  Furthermore, the debtor argues that allowing the bank's lawsuit against RAM's principals to proceed in state court would adversely impact the debtor's efforts to reorganize.

## DISCUSSION

There are two types of abstention under 28 U.S.C. § 1334(c), mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2)

and voluntary abstention pursuant to 28 U.S.C. § 1334(c)(1). Section 1334(c)(2) of title 28 of the United States Code, which sets forth the requirements for mandatory abstention, provides that,

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

The elements for the court to consider when evaluating a request for mandatory abstention are

> (1) a timely motion to abstain is filed; (2) the action is based upon a state law claim or state law cause of action; (3) the action is "related to" the bankruptcy proceedings and does not "arise in" or "arise under" a case under Title 11; (4) the action could not have been commenced in a United States court absent jurisdiction under 28 U.S.C. § 1334; (5) the action was pending when the bankruptcy was filed; and (6) the action can be timely adjudicated in the state forum of appropriate jurisdiction.

See H.D. Supply Waterworks, Ltd. v. Spivey (In re Constr. Supervision Servs., Inc.), 2012 WL 2993891 (Bankr. E.D.N.C. July 20, 2012). Here, there was a timely motion to abstain involving a claim based on state law, but an essential part of the

4

litigation is the indebtedness that the debtor owes to First South and the determination of First South's claim against the debtor is a "core proceeding" which arises in the bankruptcy proceeding that this court can hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(B). Consequently, mandatory abstention is not required under 28 U.S.C. § 1334(c)(2).

Although a court may in some circumstances not be required to abstain, it may nevertheless voluntarily abstain pursuant to 28 U.S.C. § 1334(c)(1) which provides "nothing in [section 1334] prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

The twelve factors to consider in a permissive abstention analysis are:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issue predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law

>   claims from core bankruptcy matters to allow judgments
>   to be entered in state court with enforcement left to
>   the bankruptcy court, (9) the burden of [the
>   bankruptcy court's] docket, (10) the likelihood that
>   the commencement of the proceeding in bankruptcy court
>   involves forum shopping by one of the parties, (11)
>   the existence of a right to a jury trial, and (12) the
>   presence in the proceeding of non-debtor parties.

Gen. Wood Preserving Co. v. Wind Gap Farms (In re Gen. Wood Preserving Co.), L-02-00146-8 (Bankr. E.D.N.C. Dec. 17, 2002) (quoting In re Chicago, Milwaukee, St. Paul & Pac. R. Co., 6 F.3d 1184, 1189 (7th Cir. 1993)). "Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." In re Chicago, Milwaukee, St. Paul & Pac. R. Co, 6 F.3d at 1189.

There are many good reasons why the court should voluntarily abstain to allow First South to proceed against its guarantors. The litigation with respect to the guarantors involves straight forward causes of action based on state law. The lawsuit was brought by First South in state court and it would not be difficult for the litigation to proceed solely against the non-debtor guarantors. However, the litigation against the guarantors who are principals of the debtor would adversely affect the administration of the estate. See A.H.

6

<u>Robins Co., v. Piccinin</u>, 788 F.2d 994 (4th Cir. 1986).  The debtor's reorganization is moving quickly and a confirmation hearing is only weeks away.  It is possible that First South's claim against the debtor will be quickly resolved through the confirmation process and that satisfaction of that claim may resolve the claims against the guarantors.  It is also possible that the debtor's reorganization will not be successful or that a successful plan that satisfies the bank's claim against the debtor will not satisfy the entire claim against the guarantors.  In any event, the confirmation process will move rapidly, and the parties will not have to wait long to learn whether the bank's claim against the guarantors will be resolved through a confirmed chapter 11 plan.  Accordingly, voluntary abstention under 28 U.S.C. § 1334(c)(1) is not warranted at this time.

The court's consideration of First South's request for voluntary abstention is similar to its consideration of First South's request for remand.  Causes of action that are properly removed to the bankruptcy court may be remanded pursuant to 28 U.S.C. § 1452.  The court may remand a removed cause of action "on any equitable ground."  28 U.S.C. § 1452(b).  The factors governing discretionary remand are substantially the same as the factors governing permissive abstention.  <u>Hopkins v. Plant</u>

Insulation Co., 349 B.R. 805 (N.D. Cal. 2006).  Factors that the court should consider include:

> (1) duplication of judicial resources; (2) uneconomical use of judicial resources; (3) effect of remand on the administration of the bankruptcy estate; (4) case involves questions of state law better addressed by a state court; (5) comity; (6) prejudice to the involuntarily removed parties; (7) lessened possibility of an inconsistent result; and (8) expertise of the court where the action originated.

River Cement Co. v. Bangert Bros. Const. Co., 852 F.Supp. 25, 27 (D. Colo. 1994).

As previously stated, the chapter 11 case is progressing rapidly and there is a possibility that all the claims will be resolved through the confirmation process.  If the claims against the guarantors cannot be resolved through the confirmation of a chapter 11 plan, that will be known quickly and the court will at that time reconsider its decision not to abstain and not to remand.  Accordingly, First South's motions to abstain and for remand are **DENIED**, however, those motions may be reconsidered by the court at the conclusion of the hearing to consider confirmation of the debtor's plan of reorganization.

**END OF DOCUMENT**